UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

v.                                                          Case No. 14-CR-20627-4
                                                            Honorable Thomas L. Ludington

JUAN DELGADO, JR.,

                    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE
WITH PREJUDICE**

On October 26, 2016, Defendant Juan Delgado, Jr. pled guilty to one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 89. He was sentenced to 120 months imprisonment. ECF No. 108. On July 6, 2020, Defendant filed a motion for compassionate release based on the COVID-19 pandemic. ECF No. 123. On August 12, 2020, Plaintiff, the United States of America (the "Government"), was ordered to respond to the motion. ECF No. 124. The Government responded on August 18, 2020. ECF No. 125. For the reasons stated below, Defendant's motion will be denied.

**I.**

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a

> reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). The statute provides three inquiries that must be addressed in resolving Defendant's motion for compassionate release. First, whether Defendant fully exhausted his administrative remedies with the Bureau of Prisons (the "BOP"). Second, whether a sentence reduction is warranted in consideration of the factors set forth in 18 U.S.C. § 3553. Finally, whether "extraordinary and compelling reasons warrant such a reduction" and whether the reduction is consistent with the applicable Sentencing Commission policy statements. Each inquiry will be addressed in turn.

## A.

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the BOP or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). On May 10, 2020, Defendant requested compassionate release based on COVID-19 from Warden Brad Greilick. ECF No. 123 at PageID.516. Defendant apparently never received a response. *Id.* at PageID.514. At least 30 days have passed since the request. Accordingly, Defendant has exhausted his administrative remedies with the BOP.

**B.**

The next consideration is whether the sentence reduction is warranted under the factors of

18 U.S.C. § 3553(a). They are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Defendant's underlying offense is conspiracy to distribute cocaine, in

violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 64. Drug-related offenses are serious, and

Defendant has served just over half of his 120-month sentence. ECF No. 123 at PageID.514. Also,

this was not Defendant's first drug-related offense. According to his Presentence Investigation

Report, Defendant was previously convicted of possession of a controlled substance in a drug-free

zone in 2007. Furthermore, as explained in Section I.C.2. below, Defendant's serious history with

narcotics demonstrates that he would be a danger to others or the community if released.

Accordingly, under the § 3553 factors, Defendant is not entitled to a sentence reduction.

**C.**

The next inquiries to be resolved are whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission promulgates the United State Sentencing Guidelines ("U.S.S.G."). The applicable policy statement is found in U.S.S.G. § 1B1.13, which provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment…if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. Defendant fails to show an extraordinary and compelling reason for release and that he would not pose a danger to others or the community if released.

**1.**

The commentary of the policy statement provides additional guidance about which circumstances qualify as extraordinary and compelling reasons. It provides:

> [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.--
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not

required. Examples include metastatic solid-tumor cancer, amyotrophic lateral
sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is--

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the
aging process,

that substantially diminishes the ability of the defendant to provide self-care within
the environment of a correctional facility and from which he or she is not expected
to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is
experiencing a serious deterioration in physical or mental health because of the
aging process; and (iii) has served at least 10 years or 75 percent of his or her
term of imprisonment, whichever is less.

(C) Family Circumstances.--

(i)     The death or incapacitation of the caregiver of the defendant's minor
child or minor children.

(ii)    The incapacitation of the defendant's spouse or registered partner when
the defendant would be the only available caregiver for the spouse or
registered partner.

(D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there
exists in the defendant's case an extraordinary and compelling reason other
than, or in combination with, the reasons described in subdivisions (A) through
(C).

U.S.S.G. § 1B1.13. Defendant is a 48-year-old male. He does not identify any "terminal illness,"

"serious physical or medical condition," or any other health condition supporting release. His only

basis for release is the COVID-19 pandemic. ECF No. 123 at PageID.514. Without minimizing

Defendant's concerns, "the mere existence of COVID-19 in society and the possibility that it may

spread to a particular prison alone cannot independently justify compassionate release, especially

considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's

spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Furthermore, while Defendant's age may put him at an elevated risk, such a "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release." *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020). Therefore, Defendant has not satisfied subsection (A).

Similarly, subsections (B) and (C) are plainly inapplicable. Regarding subsection (B), Defendant is only 48 years old. With respect to subsection (C), Defendant is not alleging the death or incapacitation of the caretaker of his minor children, nor is he alleging the incapacitation of a spouse. *See* U.S.S.G. § 1B1.13. Accordingly, Defendant has not demonstrated an extraordinary or compelling reason for compassionate release.

**2.**

The policy statement further directs the Court to consider the factors in 18 U.S.C. § 3142 in determining whether the defendant would be a danger to others or the community. The § 3142 factors are:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal,

- 6 -

> or completion of sentence for an offense under Federal, State, or local law;
> and
>
> (4) the nature and seriousness of the danger to any person or the community that
> would be posed by the person's release…

18 U.S.C. § 3142(g). These factors support the conclusion that Defendant would be a danger to others or the community if released. In 2007, Defendant was convicted of one count of possession of a controlled substance in a drug-free zone. Police arrested him after discovering marijuana and cocaine in his house, following a series of controlled purchases by a confidential informant. Defendant received seven years of probation and a suspended sentence of five years in custody. Defendant was on probation when, in 2013, he committed the underlying offense: conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant was arrested after he arranged for his co-conspirators to sell three kilograms of cocaine for $120,000 to a confidential source in Saginaw, Michigan. Defendant was living in Texas at the time and never touched the cocaine himself.

Defendant has no apparent history of violent crime. Nonetheless, "[t]he concern about safety is to be given a broader construction than the mere danger of physical violence. Safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (internal quotation marks omitted). Consequently, "drug trafficking is a serious offense that, in itself, poses a danger to the community." *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010). Defendant states that, if released, he will return to Texas and begin working in a remodeling business. Assuming this is true, Defendant was a full-time semi-truck driver in Texas when he managed to broker the sale of $120,000 worth of cocaine in Michigan. Thus, the suggestion that Defendant will return to legitimate work in Texas is unpersuasive. Similarly, Defendant's

completion of correctional programming, while laudable, fails to prove that he would not be a danger to others or the community if released, especially given his history with narcotics.[1]

## II.

Accordingly, it is **ORDERED** that Defendant Juan Delgado, Jr.'s Motion for Compassionate Release, ECF No. 123, is **DENIED WITH PREJUDICE.**

Dated: September 23, 2020                      s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Juan Delgado, Jr.** #99416-879, Federal Prison Camp, 9595 W. Quincy, Littleton, CO 80123 by first class U.S. mail on September 23, 2020.

                      s/Kelly Winslow
                      KELLY WINSLOW, Case Manager

---

[1] Furthermore, to the extent Defendant seeks a transfer to home confinement in lieu of compassionate release, "[d]esignation of an inmate's place of confinement, including placement in home confinement [under section 12003(b)(2) of the CARES Act], rests within the absolute discretion of the BOP." *United States v. Buford*, No. 05-80955, 2020 WL 4040705, at *6 (E.D. Mich. July 17, 2020) (internal quotation marks omitted). As a result, "the district court has no authority to grant relief under section 12003(b)(2)." *Id.*