UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                      Case No. 1:14-cr-20627-4

v.                                      Honorable Thomas L. Ludington
                                              United States District Judge

JUAN DELGADO, JR.,

                Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE**

This matter is before this Court upon Defendant Juan Delgado Jr.'s Motion for Compassionate Release, ECF No. 139. As explained hereafter, his Motion will be denied.

**I.**

In July 2016, Defendant pleaded guilty to one count of distributing more than five (5) kilograms of cocaine, 21 U.S.C. §§ 841(a)(1), 846. ECF No. 89. He was sentenced to 120 months' imprisonment and five years' supervised release. ECF No. 108 at PageID.463–64.

In July 2020, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)—his first postconviction attempt to reduce his sentence to some extent. ECF No. 141 at PageID.604. This Court denied his motion. *Id.*

In January 2022, Defendant filed another motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 139. The Government opposes his Motion. ECF No. 141.

Defendant's second Motion for Compassionate Release will be denied because he has demonstrated neither (1) an extraordinary and compelling reason for release, not (2) that the facts set forth in 18 U.S.C. § 3533 warrant release.

## II.

A motion for compassionate release under § 3582(c)(1)(A) requires a two-part analysis.

The first part is exhaustion. A defendant may file a motion for a reduction under § 3582(c)(1)(A) only after requesting a reduction from the Bureau of Prisons (BOP) and then either (1) "fully exhaust[ing] all administrative rights" or (2) waiting until "30 days [have elapsed] from the receipt of such a request by the warden." *See* 18 U.S.C. § 3582(c)(1)(A). This first step is a "mandatory claim-processing rule[]" that "must be enforced" if "properly invoked." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

The second part involves the Sixth Circuit's three-step test:

> At step one, a court must find whether extraordinary and compelling reasons warrant a sentence reduction. At step two, a court must find whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. At step three, § 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (cleaned up). If any of § 3582(c)(1)(A)'s three prerequisites are missing, this Court may deny the compassionate-release motion without addressing the other factors. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## III.

### A.

The first issue is whether, before filing his Motion, Defendant requested compassionate release from the BOP and then either (1) received a denial and fully exhausted his administrative remedies or (2) received no response but waited at least 30 days before filing his motion. *See* 18 U.S.C § 3582(c)(1)(A).

Defendant requested compassionate release from his warden on November 30, 2021. *See* ECF No. 139 at PageID.600. Defendant did not receive a response from his warden within 30 days. Accordingly, Defendant has exhausted his administrative remedies with the BOP. *Id.* at PageID.598; *see* 18 U.S.C. § 3582(c)(1)(A).

## B.

The next question is whether "extraordinary and compelling reasons" justify reducing Defendant's sentence. *See Jones*, 980 F.3d at 1108. Although Congress did not define "extraordinary and compelling reasons," the United States Sentencing Commission has identified several "extraordinary and compelling" reasons. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENT'G COMM'N 2018) (identifying certain medical conditions, ages, and family circumstances, including reasons determined by the Director of the BOP).

Although § 1B1.13 is inapplicable when "an imprisoned person files a motion for compassionate release." *Jones*, 980 F.3d at 1109, the district court may "consider [§ 1B1.13] as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release," *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021). In this way, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

But that discretion is not unfettered. *See United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). Recently, the Sixth Circuit endorsed a textual analysis requiring courts to apply the ordinary meaning of the terms "extraordinary" and "compelling." *See id.* (noting that when § 3582(c) was enacted, "extraordinary" meant "most unusual, far from common, and having little or

no precedent," and "compelling" meant "forcing, impelling, driving." (cleaned up) (quoting WEBSTER'S THIRD INTERNATIONAL DICTIONARY: UNABRIDGED 463, 807 (1971))).

Consistent with *Hunter*, this Court must determine whether Defendant's reasons for a reduced sentence are "extraordinary" and "compelling" as that language is commonly understood. *See id.*; *see also United States v. Powell*, No. 2:12-CR-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) ("Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling[.]'") (collecting cases).

Defendant advances two reasons for compassionate release: (1) the risk of COVID-19 and (2) his continued rehabilitation. *See* ECF No. 139 at PageID.597–98. Whether considered independently or in combination, these reasons are neither extraordinary nor compelling.

**i.**

Defendant cites the COVID-19 pandemic as an extraordinary and compelling reason for release from prison. ECF No. 139 at PageID.597. He explains that while he has previously contracted and recovered from COVID-19, no attempt has been made to see if his antibodies would protect him from reinfection. *Id.* at PageID.597–98. Defendant also mentions that another inmate in his facility recently contracted the Omicron variant and passed away despite recovering from COVID-19. *Id.* at PageID.598.

Defendant's concerns, though understandable, do not justify early release. Defendant was unvaccinated the first time that he contracted COVID-19, but he has since received at least one dose of the vaccine and presumably a second dose as well. *See* Pl.'s Resp., ECF No. 141 at PageID.607 (noting that "[Defendant's] second dose is scheduled").

The CDC maintains that the COVID-19 vaccines "are highly effective at preventing severe disease and death, including against the Delta variant." *See Delta Variant: What We Know About*

*the Science*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html [https://perma.cc/C8SK-RJAA]. Similarly, the CDC states that the "[c]urrent vaccines are expected to protect against severe illness, hospitalizations, and deaths due to infection with the Omicron variant." *Omicron Variant: What You Need to Know*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html [https://perma.cc/SVG4-XQM8].

Despite its adverse effects on Michigan's prisoners, several courts, including this Court, have found that COVID-19 is neither extraordinary nor compelling for purposes of § 3582(c)(1)(A). *E.g.*, *United States v. Hogg*, No. 1:11-CR-20220, 2022 WL 851719, at *4 (E.D. Mich. Mar. 22, 2022); *United States v. Burlingame*, No. 1:15-CR-20042, 2021 WL 5198510, at *4 (E.D. Mich. Nov. 9, 2021) (collecting cases). Plus, the Sixth Circuit Court of Appeals has emphasized that "'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'" *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (quoting *United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021)).

Defendant proffers no reason to depart from this wisdom. Accordingly, Defendant has not demonstrated that the risk of COVID-19 is extraordinary or compelling.

### ii.

Defendant's next reason for release is his continued rehabilitation. ECF No. 139 at PageID.598. Since entering custody, Defendant has apparently earned his GED, received an HVAC certification, and completed two substance-abuse programs. *Id.* at PageID.598. Such continued efforts at rehabilitation, he claims, should entitle him to time credits that can be used for early release. *Id.* at PageID.598.

This Court is without jurisdiction to grant Defendant the time credits he seeks. Although federal law allows prisoners to earn time credits for "participation in evidence-based recidivism reduction programming or productive activities," 18 U.S.C. § 3632(d)(4)(A)(i), it is the province of the BOP, not the federal courts, to calculate and to apply those credits, *see id.* § 3632(d)(4)(C) ("The Director of the [BOP] shall transfer eligible prisoners . . . into prelease custody or supervised release."); *Broadwater v. Sanders*, 59 F. App'x 112, 113 (6th Cir. 2003) ("The Attorney General, through the BOP, calculates any sentence credits to which a federal defendant may be entitled for pre-sentence time spent in official detention.").

Further, to the extent that Defendant seeks compassionate release based on his rehabilitation, "[r]ehabilitation of [a] defendant alone shall not be considered an extraordinary and compelling reason." *See* 28 U.S.C. § 994(t). And Defendant's rehabilitation combined with the risk of COVID-19 is not so extraordinary and compelling as to merit compassionate release. Indeed, many prisoners have continued to participate in correctional programming despite the risk of COVID-19.

Therefore, Defendant has not shown an extraordinary and compelling reason for release.

**C.**

The final issue is whether 18 U.S.C. § 3553's applicable factors justify a reduced sentence. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020).

Ordinarily, this Court would decline to proceed to the final issue—whether the § 3553 factors warrant release—because the lack of an extraordinary and compelling reason for release is dispositive. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A)

is lacking and do not need to address the others."). But to be thorough, this Court will consider the

§ 3553 factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>> . . . .
> (5) any pertinent policy statement—
>> . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

This final step requires more than a casual reference to § 3553 and its relevant factors. *See Jones*, 980 F.3d at 1112 ("[J]udges maintain an obligation to provide reasons in both sentencing-modification decisions, and traditional sentencing decisions." (internal quotation marks omitted)). But "a district judge need not specifically articulate its analysis of every single § 3553(a) factor" if "the record *as a whole* demonstrates that the pertinent factors were taken into account." *Id.* at 1114 (internal quotations marks omitted). Ultimately, the burden is on Defendant to "make a compelling case as to why the . . . § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (presuming that a "district court's initial balancing of the § 3553(a) factors . . . [presumably] remains an accurate assessment as to whether those factors justify a sentence reduction").

Defendant's case is not compelling. First, Defendant does not address any of the § 3553 factors. *See* ECF No. 139 at PageID.597–99. This Court already considered those factors in denying his first motion for compassionate release. ECF No. 126 at PageID.550–51. And Defendant does not state what, if anything, has changed since then.

Moreover, though Defendant likely no longer poses a "threat to society" given his time served and commendable efforts at rehabilitation, *see* ECF No. 139 at PageID.598–99, protecting the public is merely one of the § 3553 factors. In Defendant's case, it is the other factors, like the needs "to reflect the seriousness of the offense" and "to promote respect for the law," that weigh in favor of him completing his sentence. *See* 18 U.S.C. § 3553(a)(2)(A).

For these reasons, Defendant has not carried his burden of showing that the § 3553(a) analysis would be different today. *See Sherwood*, 986 F.3d at 954. Therefore, his Motion for Compassionate Release will be denied.

## IV.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 139, is **DENIED WITH PREJUDICE**.

Dated: June 28, 2022                                        s/Thomas L. Ludington
                                                                        THOMAS L. LUDINGTON
                                                                        United States District Judge